UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES,

       Plaintiff,

                                                Case Number 12-20196

v.                                             Honorable Thomas L. Ludington

KYLE PRATT,

       Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO STRIKE PENALTY ENHANCEMENT**

Federal law provides that a person who knowingly possesses child pornography shall be imprisoned up to ten years, unless "such person has a prior conviction" for possession of child pornography. 18 U.S.C. § 2252A(b)(2). In that case, "such person shall be . . . imprisoned for not less than 10 years nor more than 20 years." *Id*. At issue in this case is the meaning of "prior conviction." Specifically, does the term "conviction" in § 2252A(b)(2) mean the finding of guilt, whether or not the sentence has been imposed? Or does it mean the finding of guilt and the imposition of the sentence?

Defendant Kyle Pratt pled guilty in state court to possession of child pornography in June 2011. A short time later, he was allegedly again found in possession of child pornography images, which lead to the federal indictment in this case. In July 2011, the state court sentenced Defendant. Thus, the criminal conduct giving rise to the federal charge is alleged to have occurred between the entry of guilty plea in state court and the imposition of the sentence.

The parties agree that for the penalty enhancement to apply, the prior conviction must have occurred before the conduct giving rise to the federal charge, not merely before the federal

conviction occurs. The issue is whether the "conviction" in § 2252A(b)(2) means simply the finding of guilt or both the finding of guilt and the imposition of the sentence.

Historically, Congress has used both definitions. Occasionally, Congress has enacted statutes expressly including the former definition. *See, e.g.*, 15 U.S.C. § 80a-2(10) (defining "convicted" as found guilty "whether or not sentence has been imposed"). And occasionally, Congress has enacted statutes including the latter. *See, e.g.*, 18 U.S.C. § 4251(e) (repealed 1987). For § 2252A(b)(2), however, Congress did not expressly include either definition of "conviction." And no reported decision has addressed the issue.

Not only are both the statutory text and the federal reports silent on the issue, the ostensible legislative purpose of the statute does not unequivocally point to one definition rather than the other. Although the purpose is undoubtedly to punish recidivists, it does not necessarily follow that Congress intended "conviction" to mean "the finding of guilt whether or not the sentence has been imposed" rather than "the finding of guilt and the imposition of the sentence." Thus, even if this Court were to adopt a purposive approach to defining "conviction" in § 2252A(b)(2), the correct interpretation would still not be obvious.

Since neither text, nor legislative purpose, nor any other interpretive means favor one definition rather than the other, the rule of lenity requires this Court adopt the less punitive alternative. Defendant's motion to strike the penalty enhancement will be granted.

**I**

On June 8, 2011, Defendant pled guilty in state court to a single count of possession of child pornography in violation of Mich. Comp. Laws § 750.145C4. On July 27, 2011, Defendant was sentenced. Eight months passed.

On March 28, 2012, a grand jury in the Eastern District of Michigan returned an indictment charging Defendant with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Specifically, the indictment alleges that on or before June 24, 2011, Defendant knowingly possessed a cell phone and memory card containing child pornography images. Thus, the criminal conduct charged in the indictment is alleged to have occurred between the entry of guilty plea in state court and the imposition of the sentence.

Defendant now moves to strike the § 2252A(b)(2) penalty enhancement for a prior conviction.

## II

Defendant argues that, in the event he is found guilty, the penalty enhancement should not apply because he had not been sentenced in state court at the time he allegedly committed the federal crime. He writes: "While Section 2252A does not define what constitutes a 'prior conviction,' it is clear under Michigan law, a conviction does not occur until a Judgment of Sentence is entered." Def.'s Mot. to Strike 2, ECF No. 12. A federal court, he concludes, "has no constitutional authority to re-define for the Michigan legislature what a conviction is under their law." *Id*. at 3.

The government opposes Defendant's motion on two grounds. First, the motion is not ripe because "Defendant has not been convicted of the offense charged in the indictment. Thus, a judicial determination of the viability of an enhancement is inherently advisory." Gov't's Resp. Br. 2, ECF No 15. Alternatively, if the motion is ripe, it should be denied on the merits. Whether Defendant has a prior conviction is "is a question of federal, not state, law," *id*. at 3, the government argues, continuing: "[T]here is no reason whatsoever to suppose that Congress

meant that term to apply only to one against whom a formal judgment has been entered. The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." *Id*. at 4.

## A

"Ripeness doctrine originates from the Constitution's Article III requirement that the jurisdiction of the federal courts be limited to actual cases and controversies." *Harris v. Mexican Specialty Foods, Inc*., 564 F.3d 1301, 1308 (11th Cir. 2009) (internal alterations and quotation marks omitted) (quoting *Elend v. Basham*, 471 F.3d 1199, 1204–05 (11th Cir. 2006)). "Ripeness is more than a mere procedural question; it is determinative of jurisdiction." *Bigelow v. Mich. Dep't Natural Res*., 970 F.2d 154 (6th Cir. 1992) (quoting *S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 502 (9th Cir. 1990)).

To determine ripeness, courts evaluate three factors: "(1) the likelihood that the harm alleged . . . will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings." *Insomnia Inc. v. City of Memphis*, 278 F. App'x 609, 612 (6th Cir. 2008) (internal alterations omitted) (quoting *Warshak v. United States*, 490 F.3d 455, 467 (6th Cir. 2007)).

Here, all three factors suggest that the motion is ripe. First, the likelihood that the harm alleged — the penalty enhancement for a prior conviction — will ever come to pass is significant. The government does not contest that in the event Defendant is found guilty, he should be sentenced as a recidivist under § 2252A(b)(2), not as a first-time offender. Moreover, the government's plea offer, which Defendant is currently considering, contains the prior

conviction enhancement. *See generally Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012) (observing that plea bargaining "is not some adjunct to the criminal justice system; it *is* the criminal justice system"; 97 percent of federal convictions are the result of guilty pleas).

Second, the factual record is sufficiently developed. The relevant facts — when Defendant pled guilty in state court, when he is alleged to have committed the federal crime, and when he was sentenced in state court — are historical facts.

Finally, needless hardship would ensue by declining to adjudicate the dispute. As a general matter, "a defendant considering a guilty plea is entitled to know what he might be facing as a penalty." *United States v. Easley*, No. 10-20642, 2011 WL 1743905, at *6 (E.D. Mich. May 6, 2011) (Lawson, J.). Defendant here is entitled to know the potential penalties before deciding whether to accept the plea offer. The motion is ripe.

**B**

Federal law, not Michigan state law, defines what constitutes a "prior conviction" under 18 U.S.C. § 2252A(b)(2). *See, e.g.*, *United States v. King*, 509 F.3d 1338, 1342–43 (11th Cir. 2007) (applying federal law to define "prior conviction"); *see generally Dickerson v. New Banner Inst.*, 460 U.S. 103, 119–20 (1983) (discussing interpretive canons), *superseded by statute on other grounds*, Firearms Owners' Protection Act, P.L. 99–308, § 101, 100 Stat. 449, 449–51 (1986), *as recognized in United States v. Pennon*, 816 F.2d 527 (10th Cir. 1987); *NLRB v. Natural Gas Utility Dist.*, 402 U.S. 600, 603, (1971); *Jerome v. United States*, 318 U.S. 101, 104 (1943); *but cf. United States v. Bruns*, 641 F.3d 555, 557 (D.C. Cir. 2011) (dictum).

"[I]n the absence of a plain indication to the contrary," the Supreme Court instructs, "it is to be assumed when Congress enacts a statute that it does not intend to make its application

dependent on state law." *Dickerson*, 460 U.S. at 119 (quoting *Natural Gas Utility Dist.*, 402 U.S. at 603). The reason for the interpretive rule, the Court explains, is the federal interest in the uniform administration of justice as "the application of federal legislation is nationwide." *Dickerson*, 460 U.S. at 119–20 (citing *Jerome*, 318 U.S. at 104).

In this case, there is no indication (much less a plain indication) that Congress intended the applicability of the penalty enhancement for a "prior conviction" under 18 U.S.C. § 2252A(b)(2) to vary from state to state. If it did, defendants would be subject to unequal treatment under the same law. No plausible explanation for such disparate treatment suggests itself. Federal law, not Michigan state law, defines the term "conviction" in § 2252A(b)(2).

## C

Federal law prohibits knowingly possessing child pornography. 18 U.S.C. § 2252A(a)(5)(B). Section 2252A(a)(5)(B) provides that a person who "knowingly possesses . . . an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer . . . shall be punished as provided in subsection (b)." Subsection (b), in turn, provides that the offense is punishable by a term of imprisonment of not more than ten years, if it is a first conviction. § 2252A(b)(2). But, subsection (b) continues, "if such person has a prior conviction" for possession of child pornography "such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years." *Id*.

The question, as noted, is what is meant by the statutory phrase "prior conviction." Specifically, is a "conviction" under § 2252A(b)(2) merely the finding of guilt? Or the finding of guilt and the imposition of the sentence? If the former, Defendant is subject to the penalty

enhancement of ten to twenty years imprisonment because he pled guilty on June 8, 2011, and is charged with committing the federal offense on or about June 24, 2011. If the latter, however, Defendant is not subject to the enhancement because he was not sentenced until July 27, 2011, more than a month after the conduct violating § 2252A(a)(5) allegedly occurred. The question appears to be one of first impression.

"We begin, as always, with the text of the statute." *Hawaii v. Office of Hawaiian Affairs*, 556 U.S. 163, 173 (2009) (quoting *Permanent Mission of India to United Nations v. City of N.Y*, 55.1 U.S. 193, 197 (2007)). To begin, it should be noted that Congress did not define "conviction" in § 2252A, although Congress has done so elsewhere in the United States Code. As the government observes, "In some statutes those terms specifically are made to apply to one whose guilty plea has been accepted whether or not a final judgment has been entered. In other federal statutes, however, the term 'convicted' is clearly limited to persons against whom a formal judgment has been entered." Gov't's Resp. 4 (internal citations omitted) (citing 15 U.S.C. §§ 80a-2(10) & 80b-2(6); 18 U.S.C. § 4251(e); 28 U.S.C. § 2901(f)).

In enacting securities laws, for example, Congress included the former definition. "Convicted" in this context was defined as "a verdict, judgment, or plea of guilty, or a finding of guilt on a plea of nolo contendere, if such verdict, judgment, plea, or finding has not been reversed, set aside, or withdrawn, whether or not sentence has been imposed." 15 U.S.C. §§ 80a-2(10) & 80b-2(6). In contrast, in enacting a criminal statute regarding narcotics addicts, Congress included the latter definition. 18 U.S.C.§ 4251(e) (repealed 1987).

In this case, lacking an express definition of "conviction" under § 2252A, the Court must rely on the traditional tools of statutory interpretation.

"It is certainly correct," the Supreme Court observes, "that the word 'conviction' can mean either the finding of guilt or the entry of a final judgment on that finding." *Deal v. United States*, 508 U.S. 129, 132 (1993). To decide what the word does mean in a particular statute, the Supreme Court instructs, a court is to first apply "fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Id*.

In *Deal*, for example, the defendant committed a string of armed bank robberies over a four month span. 508 U.S. at 130. The defendant was found guilty of six counts of bank robbery and six counts of using a firearm in a crime of violence in violation of 18 U.S.C. § 924(c)(1). That statute provided:

> [A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years . . . . In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years. . . . Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection.

18 U.S.C. § 924(c)(1), (d)(1).[1] The district court stacked the sentences,[2] sentencing the defendant to five years on the first § 924(c)(1) count, twenty years on each of the subsequent five § 924(c)(1) counts, with the terms to run consecutively. 508 U.S. at 131. The defendant challenged his sentence, arguing that he was not subject to the penalty enhancement for a

---

[1] Section 924 has since been amended to increase the statutory penalty for a second offense to twenty-five years. "In the case of a second or subsequent conviction under this subsection," § 924 now provides, "the person shall . . . be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1).

[2] *Cf.* Tom Brown, *Florida Man Sees "Cruel" Face of U.S. Justice*, Reuters (July 3, 2012) (discussing stacking), http://www.reuters.com/article/2012/07/03/us-usa-justice-sentencing-idUSBRE86205M20120703.

"second or subsequent conviction" because "the language of § 924(c)(1) is facially ambiguous, and should therefore be construed in his favor pursuant to the rule of lenity." *Id*.

The Supreme Court rejected the argument. Writing for a five-justice majority, Justice Scalia concluded that the word "conviction" in § 924(c)(1) unambiguously referred "to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction" — not "the adjudication of guilt and the sentence." *Id*. at 132. Placing the phrase in context, Justice Scalia elaborated that the next sentence in the statute "confirms our reading of the term 'conviction.' That sentence provides: 'Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection.' That provision . . . is obviously meant to control the terms of a sentence *yet to be imposed*." *Id*. at 133 (quoting 18 U.S.C. § 924(d)(1)).

Justice Stevens authored a three-justice dissent. "In certain sections of the Code," Justice Stevens wrote, "the context makes perfectly clear that the word 'subsequent' describes only those offenses committed after a prior conviction has become final." 508 U.S. at 138 (Stevens, J., dissenting). The statutory phrase "second or subsequent conviction" of § 924(c)(1) should be interpreted in a similar manner, Justice Stevens maintained, explaining: "Like its many counterparts in the Criminal Code, the phrase clearly is intended to refer to a conviction for an offense committed after an earlier conviction has become final; it is, in short, a recidivist provision." *Id*. at 141–42.

*Deal*, of course, does not deal with § 2252A(b)(2), at least not directly. Nevertheless, in *United States v. King*, 509 F.3d 1338 (11th Cir. 2007), the government sought to extend the majority holding of *Deal* to the interpretation of the word "conviction" in § 2252A(b)(2).

Specifically, the government sought a penalty enhancement when the defendant was convicted of two child pornography offenses in the same proceeding. 509 F.3d at 1342.

The Eleventh Circuit rejected the government's argument. *King*, 509 F.3d at 1343. *Deal* was inapposite, the court concluded, because the text of relevant statutes are different. Section 2252A(b)(2) provides for an enhanced penalty "if such person has a prior conviction." Section 924(c), in contrast, "simply provide[s] for an enhanced penalty '[i]n the case of a second or subsequent conviction,' and it contain[s] no language suggesting that the predicate conviction must occur before the violation for which the government seeks to impose an enhanced penalty." *King*, 509 F.3d at 1342. Based on these differences, the court explained, "we interpret § 2252A(b)(2) to mean that the qualifying prior conviction must occur before the conduct violating § 2252A(a)(5), and not merely before the § 2252A(a)(5) conviction occurs." *Id*. at 1343.

The court in *King* did not specify, however, whether a qualifying "prior conviction" means "the finding of guilt" or "the finding of guilt and the imposition of the sentence." That is the question put to this Court.

The text of § 2252A(b)(2) — specifically, the context in which the phrase "prior conviction" is used — does not suggest one meaning over another. Unlike in *Deal*, for example, where "second or subsequent conviction" reasonably suggested that "stacking" convictions is permissible, the text of § 2252A(b)(2) permits no similar inference. Moreover, the surrounding statutory text does not suggest one meaning over another either. (Again unlike in *Deal*, for example, § 2252A does not preclude probation or suspended sentences).

As a general matter, the government is doubtless correct that the purpose is to punish repeat offenders. But, even if this Court were to adopt a purposive approach to defining

-10-

"conviction" in § 2252A(b)(2), the correct interpretation would still not be obvious. That is, even if the purpose is to punish repeat offenders, it does not necessarily follow that Congress intended "conviction" to mean "the finding of guilt whether or not the sentence has been imposed" rather than "the finding of guilt and the imposition of the sentence."

At the margin, the former interpretation will punish more recidivists than the latter. But to preference the former definition over the latter because of a presumed legislative purpose, it must be assumed that the goal of the penalty enhancement is to punish as many recidivists as possible. Yet the former definition is not an effective mechanism for achieving this end. To elaborate, defining "conviction" to mean "the finding of guilt whether or not the sentence has been imposed" rather than "the finding of guilt and the imposition of the sentence" will punish more recidivists. Yet the former interpretation is itself under-inclusive. If the purpose is to punish as many repeat offenders as possible, the penalty enhancement is properly pegged to "offenses" rather than "convictions" (as there are a greater number of crimes than convictions).[3] Thus, to accept the government's assertion regarding the purpose of the statute, this Court would have to assume not only an unexpressed congressional intent, but also an ineffective expression of this intent. The Court declines to stack assumption on assumption. Instead, while the purpose of the penalty enhancement of § 2252A(b)(2) is plainly to punish repeat offenders, the Court concludes that it is not obvious how broadly or narrowly Congress intended to define a "prior conviction."

In sum, neither text, nor legislative purpose, nor any other interpretive means suggests one meaning over another. Consequently, the Court is left with the interpretive rule of last

---

[3] Indeed, Congress could have simply provided that a "second or subsequent offense" would subject the defendant to a penalty enhancement. *See Deal v. United States*, 508 U.S. 129, 137–38 (1993) (Stevens, J., dissenting) (collecting definitions). Congress, however, did not do so.

resort. "The rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." *Reno v. Koray*, 515 U.S. 50, 65 (1995) (internal citations and quotation marks omitted) (quoting *Smith v. United States*, 508 U.S. 223, 239 (1993); *Ladner v. United States*, 358 U.S. 169, 178 (1958)). This is such a case.

In cases in which the rule applies, it "requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *DePierre v. United States*, 131 S. Ct. 2225, 2237 (2011) (quoting *United States v. Santos*, 553 U.S. 507, 514 (2008)). And, although a rule of last resort, this venerable rule is also "almost as old as the common law itself." Antonin Scalia, *A Matter of Interpretation* 29 (1997). It "dates back to the time when there were over one hundred capital offenses under English law, including 'to cut down a cherry-tree in an orchard, or to be seen for a month in the company of gypsies.'" *Id*. at 29 n.39 (quoting Sir Peter Benson Maxwell, *On the Interpretation of Statutes* 239 (1875)). In its modern application, as noted, "when a court is faced with two reasonable interpretations of a criminal statute and congressional intent is ambiguous, the doctrine of lenity requires the court to adopt the less punitive alternative. Courts treat the rule as a tie breaker when there is an otherwise unresolved ambiguity." 3 Norman Singer, *Sutherland Statutory Construction* § 59:4 (6th ed. 2001) (footnote omitted).

In this case, as the Supreme Court observed in a related context, "the word 'conviction' can mean either the finding of guilt or the entry of a final judgment on that finding." *Deal v. United States*, 508 U.S. 129, 132 (1993). As neither text, nor legislative purpose, nor any other interpretive means favors one meaning over another, the rule of lenity requires this Court adopt

the less punitive alternative. Defendant's motion to strike the penalty enhancement will be granted.

## III

Accordingly, it is **ORDERED** that Defendant's motion to strike the penalty enhancement (ECF No. 12) is **GRANTED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: July 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2012.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---